UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Korei J. Bull, *aka* Korie Bull, ) | **C/A No. 4:07-0162-RBH-TER** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| United States Congress; ) | |
| Federal Government (Entity); ) | [text begins on following page] |
| Dean Foods, Pet Dairy/Land-O-Sun Dairies; ) | |
| Hartsville Oil Mill Inc.; ) | |
| Darlington Veneer Company; ) | |
| Darlington Co. Sheriffs Dept.; ) | |
| Darlington Police Dept.; ) | |
| State of South Carolina (Entity); ) | |
| Bell South; ) | |
| Direct T.V. (Entity); ) | |
| Cumulus Broadcasting; ) | |
| James Ervin Toyota; ) | |
| Ervin Law Firm; ) | |
| County of Darlington; ) | |
| County of Florence; ) | |
| Center Baptist Church; ) | |
| Round-O-Baptist Church; ) | |
| Gus New & Used Tires; ) | |
| Holmes Bail Bonding Co.; ) | |
| Sprint PCS; ) | |
| Motel 6; ) | |
| Pepsi Cola; ) | |
| McLeod Regional Medical Center; ) | |
| Manpower Temporary Services; and ) | |
| Ole Towne Antique Mall, Inc., ) | |
| ) | |
| ) | |
| Defendants. ) | |

_____

1

# *Background of this Case*

The plaintiff is a resident of Darlington, South Carolina. The plaintiff was confined in the South Carolina Department of Corrections (SCDC) until his release. The South Carolina Inmate Database on the LEXIS® service indicates that the plaintiff is on community supervision.

The plaintiff has brought suit against various federal and state entities as well as private corporations and a church. The plaintiff's statement of claim is in his attached brief (Entry No. 1-5), wherein he complains about religious matters, alleged wiretapping, and actions of the South Carolina Department of Corrections.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review[1] has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction,

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2] This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question"

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399, 1999 U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000)(*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, supra, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650, 1988 U.S.App. LEXIS® 12311 (4th Cir. 1988)(*citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., supra, 191 F.3d at 399 (*citing* 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

### *The "Federal" Defendants*

The undersigned is treating this case, in part, as a Bivens action. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Wright v. Park, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which *cites*, *inter alia*, Carlson v. Green, 446 U.S. 14, 18 (1980)(restating Bivens rule).

A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See* Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under

42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in <u>Bivens</u> actions and *vice versa*. *See* <u>Farmer v. Brennan</u>, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994); <u>Bolin v. Story</u>, 225 F.3d 1234, 1241-1242, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000); and <u>Campbell v. Civil Air Patrol</u>, 131 F.Supp.2d 1303, 1310 n. 8, 2001 U.S.Dist. LEXIS® 2542 (M.D.Ala. 2001)(noting that, since courts have expanded the <u>Bivens</u> remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and <u>Bivens</u>).

The plaintiff has named the United States Congress and the "Federal Government (Entity)" as defendants. The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming a federal entity, agency, or department as a defendant. *See* <u>Campbell v. United States</u>, 496 F. Supp. 36, 37-38 & n. * (E.D.Tenn. 1980). The United States Congress is entitled to summary dismissal because it cannot be sued under <u>Bivens</u>. <u>FDIC v. Meyer</u>, 510 U.S. 471, 486, 127 L.Ed.2d 308, 114 S.Ct. 996, 1994 U.S. LEXIS® 1866 (1994)(declining to extend <u>Bivens</u> remedy to federal agencies and departments).

Even if this case is treated as one brought under the Federal Tort Claims Act (FTCA), the United States would be entitled to summary dismissal on the basis of sovereign immunity. A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See* <u>Myers and Myers, Inc. v.</u>

United States Postal Service, 527 F.2d 1252, 1256 (2nd Cir. 1975).³  Additionally, an administrative tort claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act.  See 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b), which provides that a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]".  There is no indication that the plaintiff has filed an administrative tort claim with the United States Department of Justice.  Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived."  Henderson v. United States, 785 F.2d 121, 123, 1986 U.S.App. LEXIS® 22913 (4th Cir.1986), which is cited in Kokotis v. United States Postal Service, 223 F.3d 275, 278, 2000 U.S.App. LEXIS® 18655 (4th Cir. 2000).

The individual members (United States Representatives and United States Senators) of the United States Congress are subject to summary dismissal because of legislative immunity. See Bogan v. Scott-Harris, 523 U.S. 44, 140 L.Ed.2d 79, 118 S.Ct. 966, 1998 U.S. LEXIS® 1596 (1998)(legislators at all levels of government are entitled to immunity for "legislative activities"); Tenney v. Brandhove, 341 U.S. 367 (1951); and Haskell v. Washington Township, 864 F.2d 1266, 1277, 1988 U.S.App. LEXIS® 17124 (6th Cir. 1988)("legislators of any political subdivision of a state are absolutely immune from

---

³The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations.  Litigants must strictly comply with the requirements of the FTCA.  See 28 U.S.C. § 2675; and United States v. Kubrick, 444 U.S. 111, 117-118 (1979).  The administrative claim must be submitted in writing within two (2) years after the claim accrues.  28 U.S.C. § 2401(b).  When the United States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court.  28 U.S.C. § 2401(b).

liability under 42 U.S.C. § 1983 insofar as they are acting in a legislative capacity"). *See also* Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 403, 59 L.Ed.2d 401, 99 S.Ct. 1171 (1979)(legislative immunity extends to "regional" legislatures); and Rabkin v. Dean, 856 F. Supp. 543, 546, 1994 U.S.Dist. LEXIS® 13702 (N.D.Cal. 1994). Furthermore, a federal district court may not ask present or former members of legislative bodies why they passed or did not pass a particular statute, or why they authorized funds for one purpose and did not authorize funds for another purpose. South Carolina Education Association v. Campbell, 883 F.2d 1251, 1989 U.S.App. LEXIS® 12938 (4th Cir. 1989), *cert. denied*, 493 U.S. 1077, 107 L.Ed.2d 1035, 110 S.Ct. 1129, 1990 U.S. LEXIS® 700 (1990). *Cf.* Sea Cabin on Ocean IV Homeowners Association v. City of North Myrtle Beach, 828 F. Supp. 1241, 1242 n. 1, 1993 U.S.Dist. LEXIS® 11079 (D.S.C. 1993).

### *The State and Local Defendants*

The State of South Carolina is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See, e.g.,* Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); Board of Trustees

of University of Alabama v. Garrett, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); Alden v. Maine, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); and Simmons v. South Carolina State Highway Dept., 195 F. Supp. 516, 517 (E.D.S.C. 1961).  *Cf.* Vermont Agency of Natural Resources v. United States *ex rel.* Stevens, 529 U.S. 765, 146 L.Ed.2d 836, 120 S.Ct. 1858, 2000 U.S. LEXIS® 3428 (2000)(a State is not a person for purposes of *qui tam* liability); and Principality of Monaco v. State of Mississippi, 292 U.S. 313 (1934)(State immune from suit by foreign country), which is cited in Barry v. Fordice, 814 F. Supp. 511, 517, 1992 U.S.Dist. LEXIS® 20893 (S.D.Miss. 1992)("The plaintiffs argue that the defendants' reliance on Monaco is misplaced.  Unlike the instant litigation, in Monaco, the plaintiffs in Monaco brought an original action in the United States Supreme Court and named the State of Mississippi as a defendant.  This distinction is irrelevant as to the issues before this court.  Nothing in the Monaco opinion suggests that a different result would have occurred if the action had been filed originally in a district court rather than the Supreme Court.  On the contrary, the Eleventh Amendment principles set forth in Monaco have been expressly relied upon in actions which were originally brought in federal district courts."), *affirmed*, 8 F.3d 1, 1993 U.S.App. LEXIS® 29115 (5th Cir. 1993).

Under Pennhurst State School & Hospital v. Halderman, supra, 465 U.S. at 99 & n. 9, a State must expressly consent to suit in a federal district court. Higgins v. Mississippi, 217 F.3d 951, 2000 U.S.App. LEXIS® 15330 (7th Cir. 2000)("A state may, it is plain, waive its Eleventh Amendment immunity from being sued in federal court either legislatively, . . . or by an explicit waiver in the lawsuit in which it is named as a defendant, . . . provided that the waiver is authorized by state law."), where the Court ruled that a federal court could raise an Eleventh Amendment matter on its own initiative. The State of South Carolina has not consented to suit in a federal court. *See* the provision in the South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws, which expressly states that the State of South Carolina does *not* waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State. *Cf*. Pennhurst State School & Hospital v. Halderman, supra, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* Section 23-13-550, South Carolina Code of Laws; and 1975 S.C.Att'y.Gen'l.Op. No. 47 (January 22, 1975); and Section 23-13-10 of the South Carolina Code of Laws, which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also* Allen v. Fidelity and Deposit Company, 515 F. Supp. 1185, 1189-1191 (D.S.C. 1981)(County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County),

*affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and <u>Comer v. Brown</u>, 88 F.3d 1315, 1332, 1996 U.S.App. LEXIS® 17326 (4th Cir. 1996)(suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. <u>Comer v. Brown</u>, <u>supra</u>, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund."). Since the Darlington County Sheriff's Department is a state agency, it is immune from suit under the Eleventh Amendment.

In his brief (Entry No. 1-5), the plaintiff complains about actions of the South Carolina Department of Corrections during his incarceration there. The South Carolina Department of Corrections, though not named as a defendant, also has Eleventh Amendment immunity. <u>Belcher v. South Carolina Board of Corrections</u>, 460 F. Supp. 805, 808-809 (D.S.C. 1978).

The plaintiff also names as defendants several local entities: the County of Darlington; the County of Florence; and the Darlington Police Department. Counties and municipalities do not possess Eleventh Amendment immunity. *See* <u>Mt. Healthy City School District Board of Education v. Doyle</u>, 429 U.S. 274, 280, 50 L.Ed.2d 471, 97 S.Ct. 568 (1977); <u>Lake Country Estates, Inc. v. Tahoe Regional Planning Agency</u>, 440 U.S. 391, 401, 59 L.Ed.2d 401, 99 S.Ct. 1171 (1979)("[T]he Court has consistently refused to construe the [Eleventh] Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a slice of state power."); and <u>Lincoln County v. Luning</u>, 133 U.S. 529, 530, 33 L.Ed.766, 10 S.Ct. 363 (1890)(holding the Eleventh Amendment inapplicable to a county). Even so, it is readily apparent that the

plaintiff's allegations against the two counties and the municipal police department concerns his prior criminal case.

Counties and municipalities do not have responsibility over the State of South Carolina's criminal prosecutions because they do not hire or supervise the Solicitor, who "hires and fires" Assistant Solicitors. Anders v. County Council for Richland County, 284 S.C. 142, 325 S.E.2d 538, 1985 S.C. LEXIS® 313 (1985).[4]  Moreover, the two counties and the municipal police department do not have authority over courts of the State of South Carolina.  The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system.  It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973.  *See* Act No. 58, 1973 S.C. Acts 161; Article V, Section 1 of the Constitution of the State of South Carolina; and State ex rel. McLeod v. Civil and Criminal Court of Horry County, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[5]

Under the current version of Article V, Section 1, the Supreme Court of South Carolina retains the *sole* authority to supervise magistrates' courts, municipal courts,

---

[4]In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws.  Solicitors are elected by voters of a judicial circuit.

[5]County courts in the State of South Carolina no longer exist.  Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented.   See State ex rel. McLeod v. Civil and Criminal Court of Horry County, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

12

Family Courts, Probate Courts, and Courts of General Sessions in Darlington County and Florence County. See Spartanburg County Dept. of Social Services v. Padgett, 296 S.C. 79, 370 S.E.2d 872, 875-876 & n. 1, 1988 S.C. LEXIS® 82 (1988). By virtue of Article V, a County does not exercise administrative or supervisory authority over municipal courts, magistrates' courts, or courts of the State of South Carolina located within the geographical boundaries of a particular County. Consequently, the two counties and the municipal police department should be dismissed because they are not responsible for the alleged violations of the plaintiff's rights during the relevant times at issue in the above-captioned case.

## *The Private Entities*

The plaintiff has named as defendants various private companies or corporations. Some of the companies are obviously "out of state" corporations and others are obviously South Carolina corporations or companies. The private companies are subject to summary dismissal, insofar as the plaintiff's civil rights claims are concerned, because they have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52, 1999 U.S. LEXIS® 1711 (1999). *See also* Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982).

The district court in Hall v. Quillen, supra, had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

Hall v. Quillen, 631 F.2d at 1155 (citations omitted). See also Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. See Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).

This federal court does not have diversity jurisdiction to consider any state law claims raised by the plaintiff because the plaintiff and at least two of the "private entity" defendants — Hartsville Oil Mill, Inc.,[6] and McLeod Regional Medical Center[7] — are

---

[6]Information available from the Office of the Secretary of State of South Carolina on the
(continued...)

citizens of South Carolina. See 28 U.S.C. 1332;[8] and Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).

One of the defendants, Dean Foods, is the plaintiff's former employer. In the Report and Recommendation (Entry No. 14 in Civil Action No. 4:06-0267-RBH-TER) filed by the undersigned in Korei J. Bull v. Dean Foods, Civil Action No. 4:06-0267-RBH-TER, the plaintiff was apprised of his need to file an administrative charge and to receive a "right-to-sue" letter before bringing an employment discrimination action.[9] Hence, insofar as the plaintiff is seeking to litigate any employment discrimination claims, he must exhaust his administrative remedies.

---

(...continued)
LEXIS® service indicates that the Hartsville Oil Mill is a South Carolina corporation (incorporated in 1909) in good standing.

[7] See David v. McLeod Regional Medical Center, 367 S.C. 242, 626 S.E.2d 1, 2006 S.C. LEXIS® 20 (2006).

[8] New provisions were added to the diversity statute in 2005 when the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), was enacted. Those new provisions are not applicable in the case sub judice.

[9] This court may take judicial notice of Civil Action No. 4:06-0267-RBH-TER. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). See also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

### *The Plaintiff's Religious Claims*

The first three quarters of the plaintiff's brief (Entry No. 1-5) are characterized by what some courts have described as "buzzwords" or "gibberish." *See* <u>Coghlan v. Starkey</u>, 852 F.2d 806, 812-816 (5th Cir. 1988)(collecting cases); <u>Ramos v. Thornburg</u>, 732 F. Supp. 696, 702 (E.D.Texas 1989); <u>Stafford v. Ellis</u>, 1992 U.S.Dist. LEXIS® 12007 (D.Colo. 1992);[10] <u>Yocum v. Summers</u>, 1991 U.S.Dist. LEXIS® 12091, 1991 WESTLAW® 171389 (N.D.Ill. 1991); <u>McCutcheon v. New York Stock Exchange</u>, 1989 U.S. Dist. LEXIS® 8141, 1989 WESTLAW® 82007 (N.D.Ill., July 10, 1989); <u>Peebles v. National Collegiate Athletic Association</u>, 1988 U.S.Dist. LEXIS® 17247 (D.S.C., November 1, 1988)(magistrate judge's Report and Recommendation), *adopted*, 723 F. Supp. 1155 (D.S.C. 1989), *affirmed*, 887 F.2d 1080 (4th Cir. 1989)[Table]; <u>United States v. Messimer</u>, 598 F. Supp. 992, 993 (C.D.Cal. 1984)(describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); <u>U.S.A. ex rel. Cole v. La Vallee</u>, 376 F. Supp. 6, 12 (S.D.N.Y. 1974); and <u>Sauers v. Commissioner</u>, 771 F.2d 64, 66 (3rd. Cir. 1985), *cert. denied*, 476 U.S. 1162 (1986). In fact, the complaint in the case at bar is somewhat similar to the *pro se* pleadings filed by a litigant in <u>Bryant v. U Haul</u>, 1994 U.S.Dist. LEXIS® 2189, *2, 1994 WESTLAW® 67803 (E.D.Pa., February 25, 1994)("Aside from these slight variations, each complaint consists merely or an unintelligible recitation of unconnected names and places or similar gibberish."). *See also* <u>Lindsay v. Mid-Continent Fed. S&L Ass'n</u>, 1995 U.S.Dist LEXIS® 5764, 1995 WESTLAW® 254261 (D.Kan., April 26, 1995); and *cf*. <u>In Re Urcarco Securities Litigation</u>,

---

[10]No WESTLAW® citation is available for this case.

148 F.R.D. 561, 566, 1993 U.S.Dist. LEXIS® 6841 (N.D. Texas 1993), *affirmed*, Melder v. Morris, 27 F.3d 1097, 1994 U.S.App. LEXIS® 20448 (5th Cir. 1994).

The plaintiff's religious claims are not cognizable in a United States District Court because the Establishment Clause of the First Amendment prohibits federal courts from getting involved in religious disputes. In the United States, there is no connection between governmental (state or federal) courts and Ecclesiastical Courts. *See* Oliverson v. West Valley City, 1994 U.S.Dist. LEXIS® 19383 (D.Utah, November 10, 1994)(comparing jurisdiction and functions of secular and ecclesiastical courts in pre-modern England)[no WESTLAW® citation available], *later proceeding reported at* 875 F. Supp. 1465, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995)(also comparing jurisdiction and functions of secular and ecclesiastical courts in pre-modern England); and *cf*. Stephens v. Herring, 827 F. Supp. 359, 1993 U.S.Dist. LEXIS® 15701 (E.D.Va. 1993). As a court of limited jurisdiction, the United States District Court for the District of South Carolina has no jurisdiction over disputes concerning ecclesiastical law, rabbinical law, Canon Law, Islamic law, or religious disputes. *See* Serbian Eastern Orthodox Diocese v. Milivojevich, 426 U.S. 696 (1976); EEOC v. Catholic University of America, 856 F. Supp. 1, 1994 U.S.Dist. LEXIS® 9190 (D.D.C., June 29, 1994), *affirmed*, 317 U.S.App.D.C. 343, 83 F.3d 455, 1996 U.S.App. LEXIS® 11205 (D.C.Cir. 1996); and Nunn v. Black, 506 F. Supp. 444 (W.D.Va. 1981), *affirmed*, 661 F.2d 925 (4th Cir. 1981)[Table], *cert. denied*, 454 U.S. 1146 (1982). As a result, a district court's exercise of jurisdiction over religious matters would violate the Establishment Clause. *See* Serbian Eastern Orthodox Diocese v. Milivojevich, supra; and Fraser v. Salvation Army, 1998 U.S.Dist. LEXIS® 209, 1998 WESTLAW® 13272 (E.D.Pa.,

January 15, 1998)("Because, the underlying controversy is of an ecclesiastical nature this court lacks jurisdiction to review this action."); and <u>EEOC v. Roman Catholic Diocese of Raleigh, North Carolina</u>, 213 F.3d 795, 2000 U.S.App. LEXIS® 11395 (4th Cir. 2000).  *See also* <u>Commack Self-Service Kosher Meats, Inc v. Weiss</u>, 294 F.3d 415, 2002 U.S.App. LEXIS® 9576 (2nd Cir. 2002)(invalidating State of New York's kosher food fraud law under Establishment Clause), *cert. denied*, <u>Weiss v. Commack Self-Service Kosher Meats, Inc.</u>, 537 U.S. 1187, 123 S.Ct. 1250, 154 L.Ed.2d 1019, 2003 U.S. LEXIS® 1110 (2003)(No. 02-672), and *cert. denied*, <u>Silver v. Commack Self-Service Kosher Meats, Inc.</u>, 537 U.S. 1187, 123 S.Ct. 1250, 154 L.Ed.2d 1019, 2003 U.S. LEXIS® 1111 (2003)(No. 02-675).

## *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See* <u>Denton v. Hernandez</u>, <u>supra</u>; <u>Neitzke v. Williams</u>, <u>supra</u>; <u>Haines v. Kerner</u>, <u>supra</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)].  *See also* <u>In Re Prison Litigation Reform Act</u>, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened); and <u>Fitzgerald v. First East Seventh Street Tenants Corp.</u>, 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS®  18180

(2nd Cir. 2000)("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").

                              Respectfully submitted,


                              s/Thomas E. Rogers, III
April 25, 2007                Thomas E. Rogers, III
Florence, South Carolina      United States Magistrate Judge

**The plaintiff's attention is directed to the Notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

## Larry W. Propes, Clerk
## United States District Court
## Post Office Box 2317
## Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).